# CIRCUIT COURT OF THE CITY OF NORFOLK

David D. Wigand

v.

Sherby Wilkes
and the Hampton Roads
Educational Television
Associations, Inc.

September 1, 2004

Case No. (Law) L04-974

BY JUDGE JOSEPH A. LEAFE

This case comes before the Court on an appeal from a decision of the General District Court based on a petition under the Virginia Freedom of Information Act, §§ 2.2-3700 through 2.2-3714 of the Code of Virginia (the FOIA), requesting that the Court order Hampton Roads Educational Television Associations, Inc. (HRETA), otherwise known as WHRO, to release salary information of employees who earn more than $10,000 per year.

Circuit courts in Virginia have appellate jurisdiction from judgments entered in courts not of record for cases involving the Freedom of Information Act (§ 2.2-3700 et seq.). Va. Code Ann. § 16.1-106 (Michie 2003). Plaintiff properly appealed to this Court.

Plaintiff's first argument is that WHRO is a public body under the FOIA, and, as such, Plaintiff argues that he is entitled to the public records, including employees' salary information, from WHRO. The FOIA defines "*public body*" as "any legislative body, authority, board, bureau, commission, district, or agency of the Commonwealth or of any political subdivision of the Commonwealth, including cities, towns and counties, municipal councils, governing bodies of counties, school boards, and planning commissions;

boards of visitors of public institutions of higher education; and *other organizations, corporations, or agencies in the Commonwealth supported wholly or principally by public funds.*" Va. Code Ann. § 2.2-3701 (Michie 2001) (emphasis added). Specifically, Plaintiff believes WHRO should be covered under the FOIA as a corporation that is supported wholly or principally by public funds.

Provisions of the FOIA are to be *construed liberally* to promote an increased awareness by all persons of governmental activities and to afford citizens an opportunity to witness the operations of government. Va. Code Ann. § 2.2-3701 (Michie 2001) (emphasis added). Exemptions from public access to records or meetings under the FOIA are to be construed narrowly. Va. Code Ann. § 2.2-3701 (Michie 2001).

WHRO is a non-profit, non-stock corporation in the Commonwealth that was initially created by several school systems to operate as a non-commercial, educational television station. Consequently, the membership of WHRO consists of school boards of the school divisions in the Commonwealth of Virginia. Since the time of its creation, WHRO has expanded its television coverage for educational services and, in addition to operating a television station, also operates two radio stations. While WHRO may have initially been supported wholly or principally by public funds provided by the participating school divisions, that is no longer the case. Defendant's undisputed evidence shows that, for the years 2002 and 2003, less than 50% of WHRO funding came from government support. In 2003, 24% of WHRO's funding came from government support, and in 2002, 26% of WHRO's funding came from government support.

In Advisory Opinions by the Virginia Freedom of Information Advisory Council issued as early as July 2001 and as recently as April 2004, the general rule used to determine whether an entity is a public body is that if an entity receives two-thirds or 66.6% of its operating budget from a government source, it may be deemed principally supported by public funds. Virginia Freedom of Information Advisory Opinion 36 (2001). Even with the 66.6% guideline, the question of whether an entity is supported principally by public funds is a question of fact. An entity receiving less than 66.6% of its funding from government sources may still be deemed a public body, especially if the entity performs a delegated governmental function. *Id.*

In light of the facts presented, the Court finds that WHRO is not a public body under the FOIA because it receives 25% of its funding from the government and does not perform a delegated governmental function.

Plaintiff's second argument is that, because WHRO was incorporated by school divisions that were public bodies and, initially, received its funding from those public bodies, it remains a public body due to the nature of its

incorporators. Essentially, Plaintiff's argument is that WHRO is a sham corporation which represents its incorporating school divisions. To consider WHRO as a public body based on the character of its initial incorporators would be to disregard WHRO as a corporate entity. *R. F. & P. Corp. v. Little*, 247 Va. 309, 316, 440 S.E.2d 908, 913 (1994).

The Supreme Court of Virginia has stated that it is reluctant to permit piercing of the corporate veil. *Dana v. 313 Freemason, a Condo. Ass'n*, 266 Va. 491, 502, 587 S.E.2d 548, 554-55 (2003). Only an extraordinary exception justifies disregarding the corporate entity. *Id.* A corporation may not be disregarded unless it is shown to be an "alter ego, alias, stooge, or dummy of the individuals sought to be held personally accountable and that the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime." *R. F. & P. Corp. v. Little*, 247 Va. 309, 316, 440 S.E.2d 908, 913(1994) (citing *Cheatle v. Rudd's Swimming Pool Supply Co.*, 234 Va. 207, 212, 360 S.E.2d 828, 831 (1987)). Only when the facts justify piercing of the corporate veil will the courts look past the corporate entity to the officers that compose the corporation. *Lewis Trucking Corp. v. Commonwealth*, 207 Va. 23, 31-32, 147 S.E.2d 747, 753 (1966).

Every attempt to pierce the corporate veil "requires examination of the particular factual circumstances surrounding the corporation and the acts in question." *O'Hazza v. Executive Credit Union*, 246 Va. 111, 115, 431 S.E.2d 318, 321 (1993). The evidence indicates that WHRO has a Board of Directors that holds regular meetings and keeps minutes at those meetings. WHRO also maintains separate bank accounts and does not commingle corporate funds. Representatives of the participating school divisions represent only a small minority of the members of the Board of Directors. *See* 1982-83 Va. AG 719 (noting that the mere presence of three members of a board of supervisors on an entirely different and otherwise private board does not transform the second board into a public body under the FOIA). Though elected by a nominating committee consisting of the school board members of the corporation and members of the current Board, the Board of Directors functions independently in managing the affairs of the corporation. WHRO does not perform delegated governmental functions of the incorporating school divisions. *See generally*, 2001 Va. AG 5 (finding IRBs that were wholly supported by public funds did not perform delegated functions of institutions of higher learning and were not considered public bodies under FOIA). In addition, WHRO sets no policies for the school divisions.

Based on the principles of law set forth above, this Court concludes that WHRO is not a public body covered under the FOIA and, thus, does not have to release salary information of its employees as a public record.